UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NICHOLAS POGANY, )
*Individually and on behalf of* )
*others similarly situated,* )
     )
    Plaintiffs, )
     )
v. )
     ) Case No. _____
US AUTOMOTIVE PROTECTION )
SERVICES, LLC, )
     ) JURY TRIAL DEMANDED
and, )
     )
BRANDON MICHAEL SCHRADER, )
     )
    Defendants. )

## COMPLAINT

COMES NOW Plaintiff Nicholas Pogany, individually and on behalf of all others similarly situated, and for his Complaint against Defendants US Automotive Protection Services, LLC, and Brandon Michael Schrader (hereinafter collectively "Defendants"), states and alleges as follows:

### Nature of Case

1. Defendants employ Sales Representatives at a call center located at 1124 Rock Creek Elementary Drive in O'Fallon, Missouri. During times relevant, Defendants' Sales Representatives have been paid on a commission basis based on telephone sales of vehicle service contracts ("VSCs"), with a monthly minimum payment (or "draw"). Defendants' Sales Representatives have often worked in excess of 40 hours per week, but they have not been paid one and one half times their regular rate of pay for time worked in excess of 40 hours in a workweek. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover

unpaid compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Missouri Minimum Wage Law, R.S.Mo., § 290.500, *et seq.* ("MMWL").

## Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated Sales Representatives is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

3. Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* ("MMWL"). Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. § 1367 and R.S. Mo. § 290.500, *et seq.*

4. Venue in this district is proper under 28 U.S.C. § 1391, because Defendants do business in this district and have employed Plaintiff and other similarly situated Sales Representatives to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

5. Plaintiff Nicholas Pogany resides in St. Charles, Missouri, and he previously worked for Defendants as a Sales Representative from approximately from March 2018 through June 26, 2018. A copy of Plaintiff's Consent to Become a Party Plaintiff is attached hereto as Exhibit 1.

6. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated Sales Representatives employed by Defendants in the last three (3) years.

2

7. Plaintiff brings Count II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated Sales Representatives employed by Defendants in Missouri within the last two (2) years.

8. Defendant US Automotive Protection Services, LLC is a Missouri LLC with its principal place of business located at 1124 Rock Creek Elementary Drive in O'Fallon, Missouri 63366. Defendant is in the business of selling VSCs to consumers.

9. Defendant Brandon Michael Schrader is an "employer" within the FLSA's and MMWL's broad definition as he is an officer, member, and/or owner of US Automotive Protection Services, LLC who manages and directs the business, maintains operational control of such entity's day-to-day functions, maintains control over such entity's pay practices, and has authority to hire and fire employees.

## General Allegations

10. Sales Representatives employed by Defendants are paid on commission based on making sales of VSCs (which are essentially extended automobile warranties) to customers over the telephone, with a monthly minimum payment or "draw."

11. Defendants do not pay their Sales Representatives based upon the hours they work each workweek.

12. Defendants do not track or record the hours worked by their Sales Representatives. Sales Representatives do not, and are not required to, complete timesheets, punch a time clock, or track their work hours in any way.

13. Defendants' Sales Representatives often work in excess of 40 hours in a workweek. Sales Representatives employed by Defendants often work before and/or after their designated work shift, and Defendants require their Sales Representatives to work certain Saturdays (in addition to their scheduled Monday through Friday shifts).

3

14.     Defendants do not pay their Sales Representatives one and a half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

15.     The deliberate failure of Defendants to pay their Sales Representatives their overtime compensation violates the FLSA and Missouri law.

16.     Defendants further violated the FLSA and Missouri law by failing to accurately record all time worked by their Sales Representatives.

17.     The net effect of the policies and practices maintained and administered by Defendants is that Defendants have willfully failed to pay overtime compensation and have willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of their Sales Representatives.

## Collective/Class Allegations

18.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

19.     Plaintiff, individually and on behalf of other similarly situated Sales Representatives employed by Defendants within the last three years, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

20.     Plaintiff brings Count II as a class action pursuant to Fed.R.Civ.P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former Sales Representatives employed by Defendants in Missouri within two (2) years preceding the date of filing this action.

21.     The state law claims, if certified for class-wide treatment, are brought on behalf of

4

all similarly situated hourly-paid Sales Representatives who do not opt-out of the class.

22. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

23. The class satisfies the numerosity standards. The Class consists of at least dozens of persons who are believed to be geographically dispersed. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

24. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

(i) Whether Defendants failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq*.; and

(ii) Whether Defendants failed to fully and accurately record the hours worked each day and each workweek by Class members as required under Missouri law.

25. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

26. Plaintiff's claims are typical of those of the Class in that Class members who have been employed in the same or sufficiently similar Sales Representative position as Plaintiff were subject to the same unlawful practices.

27. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of

inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants and/or substantially impairing or impeding the ability of Class members to protect their interests.

28.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

29.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

30.     Plaintiff reasserts and re-alleges the allegations set forth above.

31.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

32.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

33.     Upon information and belief, at all times relevant to this action Defendants have had annual gross operating revenues in excess of Five Hundred Thousand Dollars ($500,000).

34. Defendants are subject to the overtime pay requirements of the FLSA because they, individually and/or collectively, engage in interstate commerce and/or their Sales Representatives are engaged in interstate commerce.

35. Defendants violated the FLSA by failing to pay for overtime.

36. Plaintiff and all similarly situated Sales Representatives are victims of a uniform compensation policy and/or practice whereby Defendants systematically failed to pay said employees one-and-one-half times the regular rate of pay for overtime hours.

37. Plaintiff and all similarly situated Sales Representatives are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

38. Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

39. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees

demand judgment against Defendants and prays for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendants has violated the FLSA; and (6) such other relief as the Court deems fair and equitable.

**Count II: Violation of The Missouri Minimum Wage Law**

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq*.

42. The MMWL regulates, among other things, the payment of overtime wages by employers.

43. During all times relevant to this action, Defendants were the "employer" of Plaintiff and the Class within the meaning of the MMWL.

44. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWL.

45. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

46. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and other similarly situated employees overtime wages required under the MMWL.

47. Plaintiff and the Class are victims of a uniform and employer-based compensation policy or practice. This uniform policy/practice, in violation of the MMWL, has been applied, and continues to be applied, to members of the Class.

48. Plaintiff and all similarly situated employees are entitled to damages equal to all

8

unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages.

49.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

50.     Defendants are liable under the MMWL for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by the MMWL; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendants have violated the MMWL with respect to Plaintiff and the Class; and (6) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM LLC**

    /s/  *Russell C. Riggan*
Russell C. Riggan  (MO #53060)
Samuel W. Moore  (MO #58526
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

***Attorneys for Plaintiff and
all others similarly situated***

10